LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-05592 BRO (FFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER RE MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL AND FOR SANCTIONS [107]

## I.     INTRODUCTION

Pending before the Court is Defendants Time Warner Cable Inc. ("TWC Inc."), Time Warner Cable Pacific West LLC, and Time Warner Cable Enterprises LLC's (collectively, "TWC Defendants") Motion to Disqualify Plaintiff's Counsel and for Sanctions.[1]  (Dkt. No. 107 (hereinafter, "Mot." or "Motion").)  After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **DENIES** TWC Defendants' Motion.

---

[1] On October 19, 2016, Defendants filed a Motion for Priority Treatment of Motion to Disqualify.  (Dkt. No. 110.)  Plaintiff opposed the Motion for Priority Treatment on October 31, 2016.  (Dkt. No. 116.)  In that opposition, Plaintiff raised several substantive arguments that are coextensive with those made by Plaintiff in his opposition to the instant Motion to Disqualify Counsel.  The Court hereby **GRANTS** Defendants' Motion for Priority Treatment and addresses Plaintiff's substantive concerns jointly, with this Order Re Motion to Disqualify Plaintiff's Counsel.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-05592 BRO (FFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL. | | |

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

This action arises from an employment dispute between Plaintiff Luis Luviano[2] ("Plaintiff" or "Luviano") and the TWC Defendants, which allegedly compensated Plaintiff as an independent contractor instead of as an employee. (Dkt. No. 50, First Amended Complaint ("FAC") ¶¶ 4, 7.) Plaintiff alleges that TWC Inc. had a business arrangement with Multi Cable, Inc. ("MCI") and other companies pursuant to which MCI and such other companies would supply technicians to service TWC Inc.'s customers. (FAC ¶¶ 4, 21.) According to Plaintiff, in addition to improperly classifying Plaintiff as an independent contractor, TWC Inc. used a complex method of determining compensation that effectively lowered the compensation of the best workers. (*Id.* ¶¶ 25, 27, 28.) Plaintiff contends that pursuant to this business arrangement, TWC Inc. effectively became a co-employer of the technicians working for the companies with which TWC Defendants contract. (*Id.* ¶ 5.) Plaintiff further alleges that the technicians should have been classified and compensated as employees of TWC and the Contractors. (*See id.* ¶ 7.)

### B. Procedural Background

Plaintiff filed the original class action complaint in the Superior Court of the State of California for the County of Los Angeles, Central District ("Los Angeles Superior Court") alleging the following claims individually, and on behalf of all others similarly situated: (1) failure to pay overtime; (2) failure to pay minimum wage; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to provide itemized wage statements; (6) waiting time penalties; (7) failure to provide indemnification for business expenses; (8) improper deductions from wages; (9) failure to pay overtime and liquidated damages under the Fair Labor Standards Act ("FLSA"); (10) misclassification

---

[2] Plaintiff brings this action on his own behalf and on behalf of all similarly situated technicians. (*Id.* ¶ 7.) Plaintiff is represented in this matter by (1) Blecher, Collins & Pepperman, (2) Harris & Ruble, and (3) Forouzan Law (collectively, "Plaintiff's Counsel" or "Counsel").

Case 2:15-cv-05592-AB-FFM Document 133 Filed 11/14/16 Page 3 of 15 Page ID #:9524

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-05592 BRO (FFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL. | | |

of employees as independent contractors; (11) unfair competition; (12) Private Attorneys General Act ("PAGA"); and, (13) fraud.[3]  (*See* Dkt. No. 1-1, Ex. A ("Compl.") at 1.)

Defendants removed the action to this Court on July 23, 2015.  (Dkt. No. 1 ("Removal").)  On November 5, 2015 Defendant TWC Inc. moved to compel arbitration.  (Dkt. No. 29.)  TWC Inc. later withdrew this motion.  (Dkt. No. 42.)  Plaintiff filed the operative First Amended Complaint on December 18, 2015, alleging the same thirteen causes of action as in the original Complaint, but joining additional defendants.[4]  (*See generally* FAC.)  The Defendants answered the FAC on January 8, 2016 and January 15, 2016.  (*See* Dkt. Nos. 55, 58.)  On January 21, 2016, Plaintiff filed a Notice of Pendency of Other Action, advising the Court of the pendency of *Salvador Ruacho v. Multi Cable Inc.*, Los Angeles Superior Court Case No. BC602993 ("*Ruacho*"), which was filed on December 7, 2015.[5]  (*See* Dkt. No. 59.)  On August 19, 2016, Plaintiff filed the pending Motion to Certify Class, (Dkt. No. 78), and Motion to Certify Collective Action, (Dkt. No. 77).  On September 30, 2016, Reynaldo Galvez filed his complaint[6] in Los Angeles Superior Court.  (*See* Dkt. No. 108-3, Ex. N ("*Galvez* Compl.").)  TWC Defendants filed the instant Motion to Disqualify Counsel on October 19, 2016.  (Dkt. No. 107.)  Plaintiff opposed the Motion on October 31, 2016.  (Dkt. No. 117 ("Opp'n").)  Finally, on November 7, 2016, TWC Defendants replied in support of their Motion.  (Dkt. No. 123 ("Reply").)

---

[3] In the original complaint, Plaintiff named defendants TWC Inc., Multi-Cable, Inc. ("MCI"), and Mousa Golbahar ("Golbahar").  (*See* Compl. at 2–3.)

[4] Plaintiff joined Defendants Time Warner Cable Pacific West LLC and Time Warner Cable Enterprises LLC to the action.

[5] Ruacho sued the following defendants: Multi Cable, Inc., Mousa Golbahar, Time Warner Cable Inc., Time Warner Cable Pacific West LLC, Time Warner Cable Enterprises LLC.  (*See* Skt. No. 59 at 3.)  Plaintiff Ruacho asserts one claim under PAGA, as an individual and representative law enforcement action.

[6] Galvez filed his action, *Reynaldo Galvez v. Multi Cable, Inc., et al.*, Case No. BC635968, as an individual and on behalf of all others similarly situated, against Defendant Multi Cable, Inc., alleging a violation of California Labor Code §§ 226(a) and (e).  (*See Galvez* Compl. at 1.)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-05592 BRO (FFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL. | | |

### III. LEGAL STANDARD

    A.    Disqualification Of Counsel

Federal courts apply state law in determining matters of disqualification. *Reading Int'l, Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046, 1049 (9th Cir. 2016). Thus, a district court "must follow the reasoned view of the state supreme court when it has spoken on the issue." *Reading Int'l*, 814 F.3d at 1049 (citing *In re Cty. of L.A.*, 223 F.3d 990, 995 (9th Cir. 2000)). Generally, California requires per se disqualification when an attorney has been shown to possess a simultaneous conflict of interest in her representation of multiple clients, regardless of that attorney's motives or the actual impact of the conflict. *Radcliffe v. Hernandez*, 818 F.3d 537, 541 (9th Cir. 2016). But the Ninth Circuit has held that California law does not require automatic disqualification in class action cases because "the policy justifications that the California Supreme Court advanced for the automatic disqualification rule are not fully transferrable to class action cases." *Id.* at 541, 544.

Other circuit courts have similarly declined to apply the same disqualification rules to class actions as to non-class actions specifically because of the different concerns at issue for attorney representation in class action lawsuits. *See In re "Agent Orange" Prod. Liab. Litig.*, 800 F.2d 14, 18 (2d Cir. 1986) ("although automatic disqualification might promote the salutary ends of confidentiality and loyalty" in traditional cases, "it would have a serious adverse effect on class actions."); *Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581, 589 (3d Cir. 1999) ("If, by applying the usual rules on attorney-client relations, class counsel could easily be disqualified in these cases, not only would the objectors enjoy great 'leverage,' but many fair and reasonable settlements would be undermined by the need to find substitute counsel after months or even years of fruitful settlement negotiations.").

Instead of the automatic disqualification rule, in the class action context, "California courts [generally] use [the 'balancing of interests' test] to decide whether, in their discretion, disqualification is appropriate." *Radcliffe*, 818 F.3d at 547. In applying this test, a district court must weigh the combined effects of: (1) a party's right to counsel of choice; (2) an attorney's interest in representing a client; (3) the financial burden on a client of replacing disqualified counsel; and, (4) any tactical abuse underlying a

Case 2:15-cv-05592-AB-FFM Document 133 Filed 11/14/16 Page 5 of 15 Page ID #:9526

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-05592 BRO (FFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL. | | |

disqualification proceeding, against the fundamental principal that fair resolution of disputes within our adversary system require vigorous representation of parties by independent counsel unencumbered by conflicts of interest. *William H. Raley Co. v. Sup. Court*, 149 Cal. App. 3d 1042, 1048 (Cal. App. Ct. 1983).

Because motions to disqualify are often tactically motivated and can be disruptive to the litigation process, disqualification is a drastic measure that is generally disfavored and imposed only when absolutely necessary. *See Optyl Eyewear Fashion Int'l Corp. v. Sytle Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal citations omitted) (explaining that particularly strict judicial scrutiny should be given to a motion to disqualify opposing counsel because there is a significant possibility of abuse for tactical advantage). "The moving party, therefore, carries a heavy burden and must satisfy a high standard of proof." *Kelly v. Roker*, No. 11–05822 JSW, 2012 WL 851558, at *2 (N.D. Cal. Mar. 13, 2012) (citing *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983)). The decision to disqualify counsel is within the discretion of the trial court as an exercise of its inherent powers. *United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir. 1996).

### B. Sanctions

District courts have the "inherent power to manage their own proceedings and to control the conduct of those who appear before them." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991). This power includes the authority to award attorney's fees "as a sanction for the 'willful disobedience of a court order'" or "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* at 45–46 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)); ); *see also Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) ("[T]he district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct."). The Court may award attorney's fees against the party or its attorney, or against both jointly and severally. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1172 (9th Cir. 1994).

A court may also impose sanctions under 28 U.S.C. § 1927. "Pursuant to 28 U.S.C. § 1927, '[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05592 BRO (FFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL. | | |

conduct.'" *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (citation omitted). "Attorneys [sic] fees under § 1927 are appropriate if an attorney's conduct is in bad faith; recklessness satisfies this standard." *Gomes v. Am. Century Cos.*, No. 2:09-cv-02153-FCD/KJM, 2010 WL 1980201, at *3 (E.D. Cal. May 17, 2010). However, "sanctions should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (citation omitted).

Federal Rule of Civil Procedure 37 governs failures to make disclosures or to cooperate in discovery. "[E]vidence preclusion is, or at least can be, a harsh sanction." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Exclusion as a sanction is particularly harsh, when the sanction amounts to dismissal of a claim. *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012).

## IV.   DISCUSSION

The TWC Defendants contend that Plaintiff's Counsel should be disqualified and sanctioned for the following reasons: (1) Counsel allegedly used the email credentials of a former manager of MCI to unlawfully access MCI's computer system and download 76,000 pages of information without MCI's knowledge or authorization; (2) Counsel created an incurable conflict of interest between the putative class and the purportedly aggrieved employees by filing the *Ruacho* action in Los Angeles Superior Court; (3) Counsel has created a conflict of interest between the thirteen putative opt-in plaintiffs and Counsel; and, (4) Counsel possessed, yet failed to disclose the identity of the opt-in plaintiffs in the September 18, 2015 Rule 26(a) disclosures, or in response to TWC Defendants' discovery requests for witness contact information.  (*See* Mot. at 1–3.)

Plaintiff's Counsel counter that (1) TWC Defendants lack standing to file the Motion; (2) TWC Defendants' Motion is tactically motivated; (3) Plaintiff's Counsel did not illegally or improperly access and take Defendants' documents; (4) Disqualification would serve no remedial purpose; and, (5) no conflicts of interest warrant disqualification here.  (*See generally* Opp'n.)  In light of the applicable balancing test and for the reasons outlined below, the Court declines to disqualify Plaintiff's Counsel.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-05592 BRO (FFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL. | | |

### A. Access To Defendant MCI's Email System

According to TWC Defendants, Edson Solis[7] ("Solis") was employed as a supervisor and manager for MCI. (Mot. at 4.) TWC Defendants allege that in or around August 2015, "after [Solis's] employment with MCI had ended, but before MCI disabled his email account," Solis knowingly allowed Plaintiff's Counsel to access his MCI email and download thousands of emails from his account without MCI's knowledge or authorization. (Mot. at 4.) TWC Defendants allege that Plaintiff's Counsel's conduct "falls squarely within the conduct prohibited by both the federal Computer Fraud and Abuse Act ("CFAA") and California's Comprehensive Data Access and Fraud Act ("CDAFA")." (Mot. at 12.) Plaintiff's Counsel respond that "the documents at issue were all received by Mr. Solis during his employment and saved by him on his smartphone." (Opp'n at 12.) Moreover, Plaintiff's Counsel contend that "there was no unauthorized access of documents by Solis or his counsel." (*Id.*)

The propriety of Counsel's access to the emails and documents in question hinges on whether Solis had authorization to access such information at the time of the alleged access.[8] In this regard, the Ninth Circuit has held that under the CFAA "[i]t is the employer's decision to allow or to terminate an employee's authorization to access a computer that determines whether the employee is with or 'without authorization.'"[9] *See*

---

[7] Edson Solis is an opt-in plaintiff to this action. (Opp'n at 1.)

[8] To the extent that Defendants assert that Mr. Solis accessing his email is distinct from Mr. Solis instructing and enabling his Counsel to access his email, the Court disagrees. For purposes of disqualification, if Mr. Solis was authorized to access his emails, then Mr. Solis also was authorized to disclose his emails to the counsel representing him. *Neal v. Health Net, Inc.*, 100 Cal. App. 4th 831, 844 (Cal. App. Ct. 2002) ("Disclosure to one's own attorney of confidential information does not justify disqualification."). Thus, the Court finds that the impropriety alleged here hinges on whether Mr. Solis himself had authorization/permission to access his email at the time in dispute.

[9] District courts have disagreed on this issue. *Compare Bro-Tech Corp. v. Thermax, Inc.*, 651 F. Supp. 2d 378, 407 (E.D. Pa. 2009) ("It also appears that after leaving the company, Gleasman retained Purolite's computer for several weeks and accessed its contents, transferring some or all of them to a Thermax computer. Some of the information she transferred was allegedly proprietary customer data. There is, at the very least, a genuine issue of material fact as to whether she was authorized to access Purolite's computer at this time in this fashion, which precludes summary judgment as to the CFAA claim against her.") *with Poller v. BioScrip, Inc.*, 974 F. Supp. 2d 204, 233 (S.D.N.Y. 2013) ("where an

Case 2:15-cv-05592-AB-FFM   Document 133   Filed 11/14/16   Page 8 of 15   Page ID #:9529

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-05592 BRO (FFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL. | | |

*LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1133–34 (9th Cir. 2009). And "[u]nder the CFAA, a plaintiff must 'identify impairment of or damage to the computer system' resulting from the unauthorized access. Purely economic harm unrelated to the computer systems is not actionable." *Custom Packaging Supply, Inc. v. Phillips*, No. 15 CV-04584-ODW-AGR, 2015 WL 8334793, at *3 (C.D. Cal. Dec. 7, 2015). Under the CDAFA, Cal. Penal Code § 502, access "'[w]ithout permission' is defined as accessing or using 'a computer, computer network, or website in a manner that overcomes technical or code-based barriers.'" *Custom Packaging*, 2015 WL 8334793, at *3 (citing *Facebook, Inc. v. Power Ventures, Inc.*, No. C 08–05780–JW, 2010 WL 3291750, at *11 (N.D. Cal. July 20, 2010)).

Here, TWC Defendants offer evidence that "Solis testified he believed he was no longer employed by MCI when he provided Counsel with his MCI e-mail credentials." (Mot. at 4 (citing Dkt. No. 108-3, Ex. M, Solis Dep. 53:25–54:6, 57:24–58:23).) TWC Defendants also claim that Solis testified that he still had access to his MCI email account immediately following the end of his employment with MCI, but his access was terminated shortly after he gave the information to Plaintiff's Counsel. (Mot. at 4 (citing Solis Dep. 58:6–23).)

But the Court finds that TWC Defendants have not sufficiently established that Solis's actions, or the actions of his Counsel, were unauthorized or without permission under the statutes TWC Defendants invoke. The Ninth Circuit interpretation of "without authorization" under the CFAA is based on whether an employer "terminate[d] an

---

employee has certain access to a computer or system associated with her job, that access will be construed as unauthorized within the meaning of the CFAA only where it occurs after the employee is terminated or resigns.") (citing *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 692 F.Supp.2d 373, 385 (S.D.N.Y.2010)). Yet, in this case, arguably, Solis re-accessed emails that were previously properly sent to him, which emails were archived to his devices. The Court is unaware of any court addressing this issue. Further, it is unclear whether CFAA addresses TWC's allegation because there appears to be no damage to the computer system. *Instant Technology, LLC v. DeFazio*, 40 F. Supp. 3d 989, 38 I.E.R. Cas. (BNA) 427 (N.D. Ill. 2014). (Employee's deletion of all e-mails in her inbox directly before her resignation did not cause employer "damage," within meaning of Computer Fraud and Abuse Act (CFAA), where data on employee's e-mails was not lost or impaired, as employer could still access e-mails in employee's trash folder and on employer's exchange server.)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-05592 BRO (FFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL. | | |

employee's authorization to access a computer" rather than merely whether an employer terminated an employee, as TWC Defendants argue. *See Brekka*, 581 F.3d at 1133–34. "It is the employer's decision to allow or to terminate an employee's authorization to access a computer that determines whether the employee is with or 'without authorization.'" (*Id.*) Here, Defendant MCI had not only the power to terminate Solis; rather Defendant MCI was also empowered to revoke, restrict, or otherwise prevent access or create technical barriers to Solis's access to the e-mail server. The Court is unwilling to infer that Solis's access to the email system was unauthorized based on a bare conclusion that "[f]ollowing his termination, Mr. Solis did not have permission and was not authorized to access his MCI email account," (*see* Dkt. No. 107-2, Decl. of Marcelino Cimene ¶ 5), when Defendants had not revoked or in any other way prevented Solis from continuing to access his email account.[10]

And under the CDAFA, access "without permission" contemplates circumventing "technical or code-based barriers." Solis accessed his email account with the same login and password he had used prior to termination of his employment; MCI created no technical or code-based barrier to prevent him from continuing to access his email.[11] Further, TWC Defendants fail to proffer any evidence of any oral or written policy prohibiting Solis from accessing his email after termination.

Moreover, Defendant MCI, on the evidence presented by TWC Defendants, appears to have permitted employees to access their company email from personal devices such as cellphones, and laptop computers, devices that in their regular course of operation may archive emails. (*See* Solis Dep. 58:14.) The 76,000 pages of emails, which TWC Defendants' allege to have been "stolen," were likely sent/received

---

[10] The Court declines to foreclose the possibility that permitting continued access to an email account for a period after termination of employment may be intentional.

[11] Defendants' reliance on *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 954, 967 (N.D. Cal. 2014) to argue that use of a valid password may constitute unauthorized access under section 502 is inapposite here. In *NovelPoster*, "the CDAFA claims were based on allegations that an individual used technically-operable log-in information to access portions of a computer system which the individual *knew he was not permitted to access.*" *NovelPoster*, 140 F. Supp. at 967 (emphasis added). Here, Defendants have not established that Solis's used his valid log-in to access portions of a computer system that he knew he was not permitted to access.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-05592 BRO (FFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL. | | |

overwhelmingly during the course of Solis's employment. And during that same course of employment, as Solis indicated in his deposition, the emails may have been archived to Solis's personal computer devices. (*Id.*) Thus, the Court finds that Defendants have not sufficiently established that Mr. Solis's access of the emails after his termination, but before his ability to access the emails was revoked, was unauthorized under the CFAA or without permission under CDAFA.[12]

### B.     Alleged Conflicts of Interest

#### 1.     Concurrent Representation

TWC Defendants allege that two independent conflicts of interest between Plaintiff's Counsel and putative class members prevent "Plaintiff's Counsel [from] fairly and adequately represent[ing] the interests of the putative class or collective class in this action." (Mot. at 16.) The first conflict allegedly arises from Plaintiff's Counsel's concurrent representation of Plaintiff Luviano, plaintiff Ruacho, and plaintiff Galvez. (*Id.* at 17–18.) On this basis, TWC Defendants claim that "[t]he risk of Counsel compromising one class for another cannot be ignored here." (Mot. at 18.)

Plaintiff's Counsel respond that "[r]epresentation of multiple clients against a single defendant does not require disqualification" even when "an attorney represents multiple classes." (Opp'n at 19.) Counsel add that "the proposed classes do not have such separate interests as to require a division of responsibilities among several sets of class counsel" because the *Ruacho* action is "limited to PAGA claims," and the *Galvez* action "is limited to a time frame beyond the scope of the Luviano action." (*See* Opp'n at 22.)

---

[12] And even if the Solis's access had been unauthorized, Defendants have not shown that their computer system was harmed or impaired by Solis's downloading/archiving the emails, as required under CFAA. Moreover, TWC Defendants have failed to show how disqualification of counsel in any way remediates the alleged actions.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05592 BRO (FFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL. | | |

The Court disagrees with Plaintiff's Counsel's assertion that *Galvez* is limited to a different time frame than the *Luviano* action. Galvez seeks to certify a class of:

> all non-exempt employees of MCI who were issued a wage statement by MCI *at any time during the period from one year prior to the filing hereof to the date of the filing of a Motion for Class Certification*.

(*Galvez* Compl. ¶ 30 (emphasis added).) Plaintiff Galvez filed his complaint on September 30, 2016; thus the time-frame circumscribing the class sought to be certified would range from September 30, 2015 through the filing of a motion to certify the class. The *Luviano* complaint reflects that:

> Plaintiff seeks to represent a Class of all of Defendant's non-exempt employees in California *during the period four years prior to the filing of the original Complaint until the submission of this Court's Order granting certification*.

(FAC ¶ 62 (emphasis added).) The original complaint in the *Luviano* action was filed on June 23, 2015. (*See* Compl.) And this Court has not granted certification of a class. Thus, the time-frame circumscribing the class sought to be certified in *Luviano* begins on or around June 23, 2011, and continues through today. As such, *Luviano*'s time-frame encompasses the *Galvez* action's envisioned time-frame. Thus, the Court finds that the *Galvez* complaint is not "limited to a time frame beyond the scope of the Luviano action." (*See* Opp'n at 22.)

In light of the overlapping time frames and claims between the *Luviano*, *Galvez*, and *Ruacho* actions, as well as the precedent cases offered by TWC Defendants, the Court appreciates the risks that Defendants note regarding the counsel's compromise of one class's interests for those of another. However, the risk of incentivizing defendants to settle claims also encompasses the potential that

Case 2:15-cv-05592-AB-FFM   Document 133   Filed 11/14/16   Page 12 of 15   Page ID #:9533

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-05592 BRO (FFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL. | | |

defendants will be incentivized to reach a settlement that satisfies all three actions.[13]

Moreover, the speculative conflict of interest that TWC Defendants raise does not appear to be unusual in the class action context; courts within this Circuit have declined to disqualify counsel in similar circumstances. *See Sandoval v. Ali*, 2014 WL 1311776, at *9 (N.D. Cal. Mar. 28, 2014) (declining to disqualify counsel when "Defendants . . . raised [only] speculative concerns about conflicts of interest between the superior court plaintiffs and the federal Plaintiffs"); *Radcliffe*, 818 F.3d at 549 (finding that a conflict of interest did not require automatic disqualification of class counsel, and that district courts "must have the discretion to address attorney representation and disqualification issues based on the details of each case"); *see also Allen v. Hyland's Inc.*, 300 F.R.D. 643, 665 (C.D. Cal. 2014) (finding that "potential conflict of interest [arising from parallel representation] was 'very speculative' where a conflict would require the following confluence of circumstances: (1) the parallel case to be certified as a class action, (2) the plaintiffs in both cases to obtain favorable judgments, and (3) the defendants to be unable to satisfy the judgments.").

Finally, Defendants' concern of conflict is mitigated by the fact that the *Galvez* and *Ruacho* actions do not conflict in interest; they each assert distinct, unitary causes of action. Nor is the Court aware that TWC Defendants here are on the brink of insolvency. Thus, the risk that inadequate representation may arise from accelerating or delaying litigation on behalf of one set of plaintiffs could harm or benefit another set of plaintiffs is lessened here. (*See* Mot. at 18 (citing *Kurczi v. Eli Lilly & Co.*, 160 F.R.D. 667, 679 (N.D. Ohio 1995).)

---

[13] The three actions involve two substantially similar claims (PAGA and Cal. Labor Code § 226) and potentially substantially similar evidence. Assuming that the cases indeed overlap to the extent Defendants assert, the interests of the classes in the three actions do not diverge to the extent that gives rise to insurmountable concern. A decision on the merits of one of the overlapping claims may preclude disposition of the same claim in a concurrent action. The threat of res judicata more strongly aligns the interests of the three putative classes in *Ruacho*, *Galvez*, and *Luviano*.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05592 BRO (FFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL. | | |

### 2. Delayed Filing of FLSA Consent Forms

TWC Defendants assert that "because the Opt-Ins have lost part (and in one case all) of their FLSA claims due to Counsel's gamesmanship in failing to timely file their Consent Forms, Counsel have a potential conflict with the Opt-Ins." (Mot. at 19.) Plaintiff's Counsel counter that "TWC lacks standing to assert claims of malpractice on behalf of the opt-in plaintiffs." (Opp'n at 23.)

The Court finds TWC Defendants' allegation of this second conflict of interest lacking; both in precedent[14] and with regard to the facts of this case, Defendant has not provided sufficient evidence (or argument) to support that this alleged conflict of interest weighs with any significance in favor of disqualification of counsel.

### C. Balancing Of Interests

The Court considers the factors[15] to be balanced under California law in deciding a motion to disqualify counsel in light Plaintiff's Counsel and TWC Defendants' foregoing arguments. The Court is mindful of the risk of a conflict of interest between the classes in the *Galvez*, *Luviano*, and *Ruacho* actions. But, for the following reasons, the factors applicable under California law here weigh against disqualification of Plaintiff's Counsel.

First, the *Luviano* Plaintiff (like the *Galvez* and *Ruacho* plaintiffs) has selected his counsel of choice, as is his right. Neither party raises any issues that would lead the

---

[14] Beyond precedent outlining the procedural requirement of FLSA claim filing, Defendants proffer only *Chavez v. Lumber Liquidators, Inc.*, which is inapposite here because that court did not consider whether a conflict of interest existed on the grounds (or any related grounds) asserted by Defendants. *See Lumber Liquidators, Inc.*, No. C-09-04812 SC, 2011 WL 809453 (N.D. Cal. March 2, 2011).

[15] As detailed above, the balancing factors are: (1) a party's right to counsel of choice; (2) an attorney's interest in representing a client; (3) the financial burden on a client of replacing disqualified counsel; and, (4) any tactical abuse underlying a disqualification proceeding, and (5) the fundamental principal that fair resolution of disputes within our adversary system requires vigorous representation of parties by independent counsel unencumbered by conflicts of interest.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-05592 BRO (FFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL. | | |

Court to believe that Plaintiff failed to select his counsel of choice. Thus, the first factor weighs against disqualification.

    Second, Plaintiff's Counsel has invested considerable time and expense into conducting the litigation up until this date. To date, the litigation has entailed discovery proceedings (including negotiation of a protective order), motions to quash and compel arbitration, as well as motion practice related to the pending motion to certify class. The Court finds no indication that Plaintiff's Counsel have failed to represent their clients vigorously to this point. Thus, the second factor also weighs against disqualification of counsel.

    Third, the lengthy delay between Defendants' discovery that Mr. Solis had downloaded emails[16] and Defendants' filing of this Motion on the eve before the Court's consideration of the pending Motion to Certify Class weighs heavily against disqualification of counsel. This Court finds that disqualification of counsel at this time would severely prejudice Plaintiff,[17] not merely financially in terms of seeking out new counsel (which inevitably would need to retrace some of the same ground as Plaintiff's Counsel have already covered); Disqualification of Plaintiff's Counsel at this time would likely necessitate a continuance of the Court's consideration of the pending Motion to Certify Class.

    In light of factors one through four, the risk of a conflict of interest arising from Plaintiff's Counsel's representation of plaintiffs in the three actions is insufficient to weigh in favor of disqualification of Plaintiff's Counsel here. *See Optyl*, 760 F.2d at 1050 (internal citations omitted) (explaining that particularly strict judicial scrutiny should be given to a motion to disqualify opposing counsel because there is a significant possibility of abuse for tactical advantage).

---

[16] As explained above, the Court finds that Defendants have failed to make a showing that the alleged access to Solis's email account violates the CFAA or CDAFA.

[17] An attorney may not be disqualified purely as a punitive or disciplinary measure. *Neal*, 100 Cal. App. 4th at 844.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-05592 BRO (FFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL. | | |

### D. Evidentiary And Monetary Sanctions

TWC Defendants argue that "evidentiary sanctions are warranted against Plaintiff to prevent him from reaping the benefits of improperly and illegally obtained documents." (Mot. at 20.) Further, Defendants claim that "[Plaintiff's] Counsel's deliberate subversion of the discovery rules in secretly misappropriating tens of thousands of pages of documents . . . inarguably falls within the scope of "bad faith" conduct. (Mot. at 23.) TWC Defendants add that "[t]he significant legal fees and costs incurred by TWC in bringing the instant Motion (as well as its earlier *ex parte* application) are directly attributable to Counsel's improper conduct." (Mot. at 24.)

"[E]vidence preclusion is, or at least can be, a harsh sanction." *Yeti by Molly*, 259 F.3d at 1106. Here, the Court declines to impose the harsh sanction of exclusion of evidence, where Defendants have failed to provide sufficient evidence to establish that the emails were accessed without authorization. And shifting fees under § 1927 or the Court's inherent authority requires this Court to find bad faith on Plaintiff's Counsel's part. Absent evidence of a termination policy, confidentiality policy, or even oral instruction prohibiting Solis from accessing his email shortly after his termination, the Court finds that TWC Defendants have failed to meet their burden of establishing a "rare and exceptional" case of bad faith on Plaintiff's Counsel's part. Additionally, Plaintiff's Counsel's alleged behavior was not in willful disobedience of any court order. Thus, fee shifting is inappropriate under § 1927 and the Court's inherent power.

## V. CONCLUSION

In view of the foregoing, the Court **DENIES** TWC Defendants' Motion to Disqualify Plaintiff's Counsel And For Sanctions.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |