LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-05592 BRO (FFM) | Date | March 24, 2017 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL | | |

Present: The Honorable **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS)

**ORDER RE (1) PLAINTIFF'S MOTION TO APPOINT WILSON RODRIGUEZ, TIGRAN PETROSIAN AND SALVADOR RUACHO AS CLASS REPRESENTATIVES, AND, (2) DEFENDANTS' MOTION TO STAY NOTICE AND DISCOVERY [143; 142]**

Pending before the Court are: (1) Plaintiff Luis Luviano's ("Plaintiff" or "Luviano") Motion to Appoint Wilson Rodriguez, Tigran Petrosian, and Salvador Ruacho as Class Representatives, (Dkt. No. 143 ("Motion" or "Mot.")); and, (2) Defendants Time Warner Cable, Inc., Time Warner Cable Pacific West LLC, and Time Warner Cable Enterprises LLC's (collectively, "TWC Defendants") Motion to Stay Case Pending Substitution of Suitable Class Representative, (Dkt. No. 142 ("MTS")). After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **GRANTS in part** Plaintiff's Motion; **DENIES without prejudice** Plaintiff's Request for Approval of Notice; and **DENIES as moot** TWC Defendants' Motion to Stay.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-05592 BRO (FFM) | Date | March 24, 2017 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL | | |

## I. BACKGROUND

### A. Factual Background

This action (the "Action") arises from a compensation dispute between Installation Technicians such as Plaintiff Luis Luviano[1] ("Plaintiff" or "Luviano") (and others similarly situated), Defendant Multi Cable, Inc. ("MCI"), and the TWC Defendants. (Dkt. No. 50, First Amended Complaint ("FAC") ¶ 4.)

#### 1. The Parties

Plaintiff Luis Luviano (aka "Lamberto Serrano Silva") is an individual who, at all relevant times, lived and worked in Los Angeles County. (FAC ¶ 13.) Plaintiff worked as an Installation Technician (individually, "IT," and collectively, "ITs") for Defendant MCI from 2010 to early 2015. (*Id.*)

Defendant MCI is a California corporation with its principal place of business in Los Angeles County, California. (FAC ¶ 17.) Defendant Mousa Golbahar owns and operates MCI, directing its operations from Los Angeles. (*Id.*) MCI's business is installing video, voice, and data cables for telecommunications systems throughout California. (*Id.*)

Defendant Time Warner Cable Pacific West LLC is a Delaware Corporation which conducts substantial and regular business in California. (FAC ¶ 20.) Defendant Time Warner Cable Inc. is a Delaware Corporation which conducts substantial and regular business in California. (*Id.* ¶ 19.)

#### 2. Technical Support Services

Plaintiff alleges that TWC Inc. had a business arrangement with Multi Cable, Inc. ("MCI") and other companies pursuant to which MCI and such other companies would

---

[1] Plaintiff brings this Action on his own behalf and on behalf of all similarly situated technicians. (*Id.* ¶ 7.) Plaintiff is represented in this matter by (1) Blecher, Collins & Pepperman, (2) Harris & Ruble, and (3) Forouzan Law (collectively, "Plaintiff's Counsel" or "Counsel").

| Case No. | CV 15-05592 BRO (FFM) | Date | March 24, 2017 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL | | |

supply ITs to service TWC Inc.'s customers. (FAC ¶¶ 4, 21.) Plaintiff contends that pursuant to this business arrangement, TWC Inc. effectively became a co-employer of the technicians working for the companies with which TWC Defendants contract. (*Id.* ¶ 5.) Plaintiff further avers that the technicians should have been classified and compensated as employees of TWC and the Contractors. (*See id.* ¶ 7.)

Plaintiff alleges that Defendant MCI[2] and TWC Defendants engaged him and hundreds of other ITs, as independent contractors. (*Id.*) Plaintiff and other ITs primarily perform manual labor associated with the installation of cable and telephone services at locations specified by TWC Defendants for MCI or other TWC Contractors. (FAC ¶ 21.) These services include driving to the installation site, installing cable wiring, connecting the wiring to equipment such as modems, televisions, and computers, and troubleshooting and repairing the customer wiring. (*Id.*) Plaintiff contends that MCI and TWC Defendants controlled virtually every facet of the ITs' jobs, such as the uniforms they wear, the decals on their vehicles, materials they use, and the jobs they perform, including the hours during which those jobs are to be completed and the location at which the services will be provided. (*Id.*) Plaintiff asserts that ITs typically work more than 40 hours per week and more than eight hours per day; sometimes they work seven days per week at the direction of TWC Defendants and MCI. (*Id.* ¶ 23.)

In performing their job duties, ITs were required to purchase and maintain necessary safety equipment and tools; they were not reimbursed by TWC Defendants or MCI for these expenses. (FAC ¶ 33.) Moreover, ITs allegedly were required to drive their own vehicles, at their own expense, 50 miles or more per day to and from work sites. (FAC ¶ 34.) In administering these services, Plaintiff and other ITs were not members of any union, nor was their work governed by any collective bargaining agreement. (*Id.* ¶ 53.)

---

[2] Plaintiff also named Mousa Golbahar, owner of MCI, as a defendant in this action. (FAC ¶ 8.) Golbahar and MCI will be referred to collectively as the "MCI Defendants." MCI Defendants and TWC Defendants will be referred to collectively as the "Defendants."

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05592 BRO (FFM) | Date | March 24, 2017 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL | | |

### 3. Compensation

In view of the above, Plaintiff argues that TWC Defendants and MCI improperly compensated Plaintiff and other ITs as independent contractors, when these workers should have been classified and compensated as employees. (FAC ¶¶ 4, 7.) Plaintiff alleges that instead, MCI paid compensation to ITs based solely on the number of each type of service performed by ITs at customers' premises, and did not keep time records or pay overtime. (*Id.* ¶ 24.) According to Plaintiff, TWC Defendants and MCI failed to pay overtime to Plaintiff for hours worked in excess of eight per day. (*Id.* ¶ 39.)

Further, according to Plaintiff, in addition to improperly classifying Plaintiff as an independent contractor, TWC Inc. and MCI used a complex method of determining compensation that effectively lowered the compensation of the best workers. (FAC ¶¶ 25, 27, 28.) Plaintiff claims that the MCI and TWC Defendants operated a billing scheme according to which Plaintiff and other ITs used billing slips to indicate what types of equipment or service they had provided to customers. (*Id.* ¶ 26.) Each service or piece of equipment was designated by a particular service code. (*Id.*) Plaintiff avers that he and other ITs were unable to discern how much they would be paid for each day of work because these billing slips established only the initial step in setting their wages. (*Id.* ¶ 27.) An additional step in setting the wages was based upon customer ratings of the ITs. (*Id.*) According to this rating system, which was conducted using an automated telephone system, a rating of 0 to 7 was considered a fail, a rating of 8 or 9 considered a pass. (*Id.* ¶ 28.) However, Plaintiff avers that a rating of 10 was also categorized as a failing grade because the automated phone system was unable to register a two-digit rating and thus would categorize a 10-rating as either a 1 or a 0. (*Id.*) Because of this system error, Plaintiff claims that the ITs who did the best work would receive the lowest pay. (*Id.*)

Plaintiff maintains that the billing slips and ratings used to determine ITs pay was complicated and prevented Plaintiff and other ITs from being able to accurately determine the amount of wages due to them in a given pay period. (FAC ¶ 30.) Plaintiff and other ITs who requested itemized billing from TWC Defendants and MCI were allegedly often rebuked. (*Id.*) Plaintiff also alleges that TWC Defendants and MCI arbitrarily downgraded and depressed ITs' wages. (*Id.* ¶¶ 30–31.)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-05592 BRO (FFM) | Date | March 24, 2017 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL | | |

### B. Procedural History

Plaintiff filed the original class action complaint in the Superior Court of the State of California for the County of Los Angeles, Central District ("Los Angeles Superior Court") alleging the following claims individually, and on behalf of all others similarly situated: (1) failure to pay overtime; (2) failure to pay minimum wage; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to provide itemized wage statements; (6) waiting time penalties; (7) failure to provide indemnification for business expenses; (8) improper deductions from wages; (9) failure to pay overtime and liquidated damages under the Fair Labor Standards Act ("FLSA"); (10) misclassification of employees as independent contractors; (11) unfair competition; (12) Private Attorneys General Act ("PAGA"); and, (13) fraud.[3]  (*See* Dkt. No. 1-1, Ex. A ("Compl.") at 1.)

MCI Defendants removed the action to this Court on July 23, 2015.  (Dkt. No. 1 ("Removal").)  On November 5, 2015 Defendant TWC Inc. moved to compel arbitration. (Dkt. No. 29.)  TWC Inc. later withdrew this motion.  (Dkt. No. 42.)  Plaintiff filed the operative First Amended Complaint on December 18, 2015, alleging the same thirteen causes of action as in the original Complaint, but joining additional defendants.[4]  (*See generally* FAC.)  The TWC Defendants and MCI Defendants answered the FAC on January 8, 2016 and January 15, 2016, respectively.  (*See* Dkt. Nos. 55, 58.)  On January 21, 2016, Plaintiff filed a Notice of Pendency of Other Action, advising the Court of the pendency of *Salvador Ruacho v. Multi Cable Inc.*, Los Angeles Superior Court Case No. BC602993 ("*Ruacho*"), which was filed on December 7, 2015.[5]  (*See* Dkt. No. 59.)

---

[3] In the original complaint, Plaintiff named only defendants TWC Inc., Multi-Cable, Inc. ("MCI"), and Mousa Golbahar ("Golbahar").  (*See* Compl. at 2–3.)

[4] Plaintiff joined Defendants Time Warner Cable Pacific West LLC and Time Warner Cable Enterprises LLC to the Action.

[5] Ruacho sued the following defendants: Multi Cable, Inc., Mousa Golbahar, Time Warner Cable Inc., Time Warner Cable Pacific West LLC, Time Warner Cable Enterprises LLC.  (*See* Dkt. No. 59 at 3.) Plaintiff Ruacho asserts one claim under PAGA, as an individual and representative law enforcement action.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05592 BRO (FFM) | Date | March 24, 2017 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL | | |

On August 19, 2016, Plaintiff filed a Motion for Certification of a Class Action, (Dkt. No. 78 ("Class Action Motion")), and Motion for Order Granting Certification of a Collective Action, (Dkt. No. 77 ("Collective Action Motion")). TWC Defendants filed a Motion to Disqualify Counsel on October 19, 2016, (Dkt. No. 107), which the Court denied on November 14, 2016, (*see* Dkt. No. 133). On January 3, 2017, the Court granted Plaintiff's Collective Action Motion, and conditionally granted Plaintiff's Class Action Motion; the Court conditioned certification upon the substitution of a suitable class representative. (*See* Dkt. No. 140 ("Certification Order") at 32–33.) The Court exercised its discretion to define the Class as follows:

> **Class**: Includes all persons who (1) entered into a "Contract for Cabling Project Services" with Multi Cable, Inc., and, (2) performed cable installation, repair, disconnect and/or similar services in the state of California on behalf of Multi Cable, Inc., Time Warner Cable Inc., Time Warner Cable Pacific West LLC, and/or Time Warner Cable Enterprises LLC between June 23, 2011 and June 13, 2015.

(Certification Order at 22.)

On February 27, 2017, Plaintiff filed the instant Motion. (*See* Mot.) Also on February 27, 2017, TWC Defendants filed their Motion to stay the case pending substitution of a suitable representative. (*See* MTS.) TWC Defendants opposed Plaintiff's Motion on March 6, 2017. (Dkt. No. 144 ("Opp'n").) Also on March 6, 2017, Plaintiff opposed TWC Defendants' Motion to Stay. (Dkt. No. 145.) Then, on March 13, 2017, Plaintiff replied in support of his Motion. (Dkt. No. 149 ("Reply").) Concurrent with his Reply, Plaintiff filed a Request for Judicial Notice. (Dkt. No. 150 ("RJN").) Also on March 13, 2017, TWC Defendants filed objections to Alan Harris's declarations in support of Plaintiff's Motion and Plaintiff's opposition to the Motion to Stay. (*See* Dkt. Nos. 147; 148.)

## II.   JUDICIAL NOTICE

Plaintiff requests judicial notice of two documents on the public docket of *Ruacho v. Multi Cable, Inc.*, Case No. BC602993 (Cal. Sup. Ct. Dec. 7, 2015): (1) the December 7, 2015 Complaint; and, (2) Time Warner Cable, Inc.'s Motion to Stay. (*See* RJN at 2–

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-05592 BRO (FFM) | Date | March 24, 2017 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL | | |

3.)  Plaintiff also seeks judicial notice of "the governmental agency webpage for the California Secretary of State, which shows the listing for Defendant Multi Cable, Inc. . . . ."  (*See* RJN at 2.)

     A court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and, (2) matters in the public record.  *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001); *see also Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1134, 1137 (C.D. Cal. 2010) (holding that a court may "consider documents that are incorporated by reference but not physically attached to the complaint if they are central to the plaintiff's claim and no party questions their authenticity").  A court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  *See* Fed. R. Ev*id.* 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

     When a court takes judicial notice of publications like websites and newspaper articles, the court merely notices what was in the public realm at the time, not whether the contents of those articles were in fact true.  *Heliotrope Gen. Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.118 (9th Cir. 1999).  "It is not uncommon for courts to take judicial notice of factual information found on the world wide web."  *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007).  This is particularly true of information on government agency websites, which have often been treated as proper subjects for judicial notice.  *See, e.g., Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of approval by the National Mediation Board published on the agency's website); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam) (taking judicial notice of Texas agency's website); *Denius v. Dunlap*, 330 F.3d 919, 926–27 (7th Cir. 2003) (taking judicial notice of information on official government website); *In re Wellbutrin SR/Zyban Antitrust Litig.*, 281 F. Supp. 2d 751, 754 n.2 (E.D. Pa. 2003) (taking judicial notice of the Food and Drug Administration's list of new and approved drugs); *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) (citation omitted) ("Public records and government documents are generally considered not to be subject to reasonable dispute . . . . This includes public records and government documents available from reliable sources on the Internet."); *Cali v. E. Coast Aviation Servs., Ltd.*, 178 F. Supp. 2d 276, 287 n.6 (E.D.N.Y. 2001) (taking judicial notice of documents from Pennsylvania state agencies and Federal

Case 2:15-cv-05592-AB-FFM   Document 155   Filed 03/24/17   Page 8 of 17   Page ID #:10364

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-05592 BRO (FFM) | Date | March 24, 2017 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL | | |

Aviation Administration). One concern that cautions against taking judicial notice of websites, "as the Seventh Circuit recognized, [is that] the internet contains an unlimited supply of information with varying degrees of reliability, permanence, and accessibility." *United States v. Kane*, No. 2:13-CR-250-JAD-VCF, 2013 WL 5797619, at *9 (D. Nev. Oct. 28, 2013) (citing *Pickett v. Sheridan Health Care Center*, 664 F.3d 632, 648 (7th Cir. 2011)).

First, because the Los Angeles Superior Court filings are matters of public record, the Court finds them to be appropriate subjects for judicial notice. Thus, the Court **GRANTS** Plaintiff's Request with respect to these two documents. Second, while judicial notice of government websites is not uncommon, even government websites may have "varying degrees of . . . permanence, and accessibility," *see Kane*, 2013 WL 5797619, at *9, based on changes to the underlying database; thus, this Court **GRANTS** Plaintiff's request for judicial notice of the governmental agency website only as to its existence on the date the site was last accessed.

### III. OBJECTIONS

The TWC Defendants filed objections to Alan Harris's Declaration in support of Plaintiff's Motion. (*See* Dkt. No. 148.) Because the Court is considering the offered evidence within the frame of evaluating adequacy of the class representative, the Court will apply the lenient evidentiary standard applicable to class certification motions. *See In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 965 n.147 (C.D. Cal. 2015); *Waine-Golston v. Time Warner Entm't-Advance/New House P'ship*, No. 11-CV-1057–GPB(RBB), 2012 WL 6591610, at *9 (S.D. Cal. Dec. 18, 2012); *Keilholtz v. Lennox Hearth Prods., Inc.*, 268 F.R.D. 330, 337 n.3 (N.D. Cal. 2010).

In light of the applicable, lenient evidentiary standard at the class certification stage, the Court **OVERRULES** the TWC Defendants' objections on hearsay grounds for the limited purpose of considering the adequacy of Plaintiff's proposed class representatives. With respect to TWC Defendants' objections that Plaintiff's counsel's declaration includes improper argument, the Court is mindful of the objection and addresses it only as necessary in the body of this Order. To the extent the Court does not explicitly address an objection, that objection is **OVERRULED as moot**.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05592 BRO (FFM) | Date | March 24, 2017 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL | | |

TWC Defendants also object to Alan Harris's Declaration in support of Plaintiff's opposition to TWC Defendants' Motion to Stay. (*See* Dkt. No. 147.) In light of the Court's ruling with respect to Plaintiff's Motion, these objections are **OVERRULED as moot**.

## IV. LEGAL STANDARD

### A. Motion for Class Certification

A Rule 23 class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979). Certification is the process by which a named party may begin representing a class of individuals who are not named and do not otherwise participate in the litigation. Pursuant to Rule 23, a class may be certified only if four requirements are satisfied: (1) the class is so numerous that joinder would be impracticable—numerosity; (2) there are questions of law or fact that are common to the class as a whole—commonality; (3) the representative parties have claims or defenses typical of those of the class—typicality; and, (4) the representative parties will fairly and adequately protect the class's interests—adequacy. Fed. R. Civ. P. 23(a). Additionally, a class may be certified only if one of Rule 23(b)'s requirements is met. *See* Fed. R. Civ. P. 23(b).

The party seeking class certification bears the burden of establishing the requirements of Rules 23(a) and 23(b). *See Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("A party seeking class certification must affirmatively demonstrate his compliance with [] Rule [23].") When ruling on a motion for certification, a court generally must accept as true the allegations in the complaint, especially when "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Nevertheless, "sometimes it may be necessary for the court to probe behind the pleadings" when considering certification. *Id.* A court's analysis should be rigorous and may "entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart*, 564 U.S. at 351.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05592 BRO (FFM) | Date | March 24, 2017 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL | | |

## V.  DISCUSSION

In the Certification Order, the Court explained that Plaintiff Luviano's employment background, fraudulent identification, social security record, and insurance documentation might negatively impact the likelihood of the putative class prevailing on its claims. (*See* Certification Order at 32.) For that reason, the Court "condition[ed] certification of the designated class upon satisfactory substitution of an adequate, credible representative plaintiff." (Certification Order at 33.) Plaintiff has moved the Court to permit the substitution of Salvador Ruacho, Tigran Petrosian, and/or Wilson Rodriguez (collectively, the "Proposed Representatives") as representative plaintiff(s) in this Action. (*See* Mot.) TWC Defendants oppose Plaintiff's Motion on various grounds. The Court addresses the parties' positions below.[6]

### A.  Plaintiff's Motion for Appointment of Class Representatives

To sue as a representative party on behalf of a class, the representative party must show that his or her claims are typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; [but] they need not be substantially identical." *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 13-5693 PSG (RZX), 2015 WL 4776932, at *9 (C.D. Cal. May 27, 2015) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

---

[6] The Court notes that TWC Defendants' counsel, Nathan Chapman, states in his declaration that Plaintiff's counsel failed to meet and confer prior to filing Plaintiff's Motion. (*See* Dkt. No. 144-1, Chapman Decl. ¶ 7.) Under the Central District Local Rules, a moving party must meet and confer with opposing counsel to resolve issues prior to filing motions. *See* C.D. Cal. L.R. 7-3. TWC Defendants responded substantively to Plaintiff's Motion; thus the Court here will consider the parties' papers. However, the Court admonishes Plaintiff's counsel that the Court may strike motions and impose sanctions for future failures to follow the District's Local Rules.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05592 BRO (FFM) | Date | March 24, 2017 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL | | |

Rule 23(a)(4) also requires plaintiffs to show that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when the class representative and counsel do not have any conflicts of interest with other class members, and the representative plaintiff and counsel will prosecute the action vigorously on behalf of the class. *Flo & Eddie,* 2015 WL 4776932, at *10 (citing *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012)).

### 1.  The Parties' Positions

Plaintiff asks the court to appoint Wilson Rodriguez, Tigran Petrosian, and/or Salvador Ruacho as class representatives. (*See* Mot. at 1.) Plaintiff claims that "Rodriguez, Petrosian, and Ruacho have identical, non-competing, and non-conflicting interests with those of the Class." (*Id.* at 2.) According to Plaintiff, the Proposed Representatives entered into contracts for repair, disconnect, and other services, "were all treated in similar fashion, were misclassified as independent contractors, were similarly compensated, and treated similarly with respect to provision of meal and rest breaks and wage statements." (*Id.*) Plaintiff also explains that the Proposed Representatives "worked for Defendants during the same time period and in California, receiving wage statements generated by the same database of computer information." (*Id.* at 4.) On this basis, Plaintiff contends that the Proposed Representatives "have interests which are directly aligned with those of the rest of the members of the conditionally certified Class." (*Id.* at 5.)

Plaintiff argues that the Proposed Representatives "have already taken significant steps demonstrating that they have protected and will protect the interests of the Class." (Mot. at 3.) For example, the Proposed Representatives "have been deposed," "have participated in several conferences with Class Counsel" and "reviewed documents relating to their work for the Defendants." (*Id.*) Additionally, Plaintiff contends that "the proposed Class Representatives have no interests which are adverse to, or which conflict with, the interests of the absent members of the Class and are able to, and will, fairly and adequately represent and protect the interests of such Class." (*Id.*) Moreover, Plaintiff contends that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-05592 BRO (FFM) | Date | March 24, 2017 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL | | |

there are no credibility or integrity issues, and if Defendants were to raise questions regarding the proposed Class Representatives credibility, those issues must be 'directly relevant to the litigation' or there must have been 'confirmed examples of dishonesty, such as conviction or fraud' and the 'alleged credibility and integrity issues must place the interest of absent class members at risk.'

(Mot. at 6–7 (citing *Polanco v. Schneider Nat. Carriers, Inc.*, 2012 WL 10717265, at *3 (C.D. Cal. April 25, 2012)).)

TWC Defendants contend that Ruacho is not an adequate representative because he "impermissibly seeks to represent not only the class here, but also a representative class in his own separate case pending in state court." (Opp'n at 9.) TWC Defendants maintain that "there would be an obvious temptation for the plaintiff to favor one case (likely his own representative action) over the other (the present class action)." (*Id.*)

Next, TWC Defendants argue that Tigran Petrosian is inadequate because "Petrosian's declaration is ambiguous as to the time period when he worked for MCI." (Opp'n at 11.) TWC Defendants also claim that Petrosian has a disqualifying conflict of interest because he, like Ruacho, "seeks to not only represent the class here, but also his own class, in his own independent action, suing TWC for the very same underlying alleged Labor Code violations." (*Id.* at 11.) TWC Defendants argue that "appointing Petrosian as the class representative without providing TWC the opportunity to first take discovery as to his adequacy would likely breed unnecessary and piecemeal litigation" because Petrosian could later be "disqualified on a subsequent motion by TWC after TWC has the opportunity to take discovery that exposes [Petrosian's] lack of suitability as a class representative." (*Id.* at 12.)

With respect to Proposed Representative Rodriguez, TWC Defendants explain that "Rodriguez is not an adequate representative, as he does not understand the claims in this case, his role as a class representative, or even that the case is a class action." (Opp'n at 12.) TWC Defendants also point out that Rodriguez has moved to Texas. (*Id.* at 13.) Furthermore, TWC Defendants assert that "Rodriguez is also an inadequate representative because his alleged experiences differ in fundamental, material ways from those upon which the class is proceeding in this case . . . ." (*Id.* at 13.) TWC Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-05592 BRO (FFM) | Date | March 24, 2017 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL | | |

explain that "Rodriguez is also atypical and inadequate because he is subject to defenses and a potential counterclaim that are not applicable to the class as a whole." (*Id.* at 14.) TWC Defendants point to an alleged "Settlement and Release Agreement" between Rodriguez and TWC. (*See id.* at 14–15.) Lastly, TWC Defendants contend that "Rodriguez's lack of credibility on issues central to this litigation further preclude a finding that he is adequate to represent the class here." (*Id.* at 15–16.)

Plaintiff replies that "[t]here is no currently pending case by Petrosian against TWC, and therefore no conflict of interest based on pending litigation." (Reply at 1.) Plaintiff clarifies that "the PAGA allegations [in a potential suit against Turn Around Communications, Inc.] stem from work that Petrosian did for TWC, with [Turn Around Communications, Inc.] another TWC subcontractor which is unrelated to MCI." (*Id.* at 2.) Plaintiff adds that "[s]peculative contentions of conflict of interest cannot justify disqualification of counsel or class representatives." (*Id.* at 3.)

With respect to Proposed Representative Ruacho, Plaintiff responds that Ruacho's state law PAGA action against MCI is "stayed pending the resolution of this action, so Mr. Ruacho is not prosecuting any competing claims against a potentially insolvent TWC." (Reply at 3.) Plaintiff also argues that "due to the nature of PAGA claims, there is no conflict with this litigation." (*Id.* at 4.)

Lastly, Plaintiff replies that Proposed Representative Rodriguez is adequate because "[a] broad review of his deposition reflects that he is more than sufficiently knowledgeable to pass muster as a class representative." (Reply at 4.) Plaintiff points out that "[a]t the time of his deposition, [Rodriguez] was not offered as a class representative"; since that time, issues "regarding his knowledge concerning his duties as a class representative have been cured." (*Id.* at 4–5.) According to Plaintiff, "Rodriguez admitted that mistakes were made in his Declaration and [he] was open and honest about them." (*Id.* at 6.) And regarding the arbitration agreement, Plaintiff argues that the agreement is "suspect given that TWC was forced to withdraw its Motion to Compel Arbitration . . . after Plaintiff exposed the alleged 'arbitration agreement' as a forgery." (*Id.* at 7.)

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05592 BRO (FFM) | Date | March 24, 2017 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL | | |

### 2. Typicality

Based upon Ruacho's Declaration filed in support of the Class Action Motion and Collective Action Motion, (Dkt. No. 90 ("Ruacho Cert. Decl.")), the Court finds that Ruacho asserts claims that are typical of the conditionally certified class. Ruacho's claims arise from the same underlying event, practice, or course of conduct as the claims of the absent class members, namely TWC and MCI Defendants' alleged misclassification of ITs as independent contractors rather than employees. Ruacho attests that he: (1) worked for MCI/TWC Defendants during the relevant time period, (Ruacho Cert. Decl. ¶ 2); (2) was required to receive TWC training, (*id.* ¶ 3); (3) used the I&R recordkeeping system daily, (*id.* ¶¶ 6, 8); (4) was trained using a TWC training manual, (*id.* ¶ 4); (5) reported his work activities to TWC, (*id.* ¶ 9); (6) assertedly worked more hours than reflected on (or compensated by) his wage statements, (*id.* ¶¶ 13, 14); and, (7) was instructed to tell customers he is a TWC employee, (*id.* ¶ 3). Ruacho and the absent class members further allege economic harm arising from depressed compensation of the class period. (*See id.* ¶¶ 3, 10, 11, 16.)

### 3. Adequacy

The Court finds that Salvador Ruacho would serve as an adequate representative plaintiff. "To find adequacy of representation, the representatives' individual interests must be the same or similar to the interests of other class members rather than antagonistic to the interests of class members." *In re Live Concert Antitrust Litig.*, 247 F.R.D. 98, 119 (C.D. Cal. 2007) (citing *Gen. Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 157 (1982); *see also Hanon*, 976 F.2d at 508). Furthermore, "in order to demonstrate that the named representatives are inadequate, the party opposing certification must show that any conflicts between the class members are serious and irreconcilable." *Breeden v. Benchmark Lending Grp., Inc.*, 229 F.R.D. 623, 629 (N.D. Cal. 2005) (citing *Sosna v. Iowa*, 419 U.S. 393, 403 (1975)).

Proposed Representative Ruacho has attested to his familiarity with the instant Action and his willingness to serve as representative plaintiff. (*See* Dkt. No. 143-4 ("Ruacho Decl.") ¶¶ 1, 2, 4–5, 9.) While parallel litigation does present some cause for concern, the Court finds that a potential conflict of interest between Ruacho's stayed PAGA action and the instant action is speculative at this time, such that it does not rise to

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05592 BRO (FFM) | Date | March 24, 2017 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL | | |

the threshold of a "serious and irreconcilable" conflict. TWC Defendants posit that Ruacho's PAGA claim in the state court action conflicts with the interests of the Class; however, the Court finds that even assuming Ruacho has an interest in compensation, that interest at present is not demonstrably "antagonistic" to the interests of Class members because Ruacho's PAGA action seeks compensation for similar issues as the instant action. *Cf. O'Connor v. Boeing N. Am., Inc.*, 180 F.R.D. 359, 375–76 (C.D. Cal. 1997) ("Because the interest of the Representative Plaintiffs in the medical monitoring remedy is fundamentally at odds with absent class members' interests, the Court finds that the named Plaintiffs cannot fairly and adequately protect the interests of the Class seeking medical monitoring."). TWC Defendants offer no binding precedent to support their position that Ruacho may not serve as a class representative based upon the circumstances at hand. (*See* Opp'n at 8–11.)

Further, as this Court explained in its Order regarding TWC Defendants' Motion to Disqualify Counsel,

> [a]ssuming that the cases indeed overlap to the extent Defendants assert, the interests of the classes in the three actions do not diverge to the extent that gives rise to insurmountable concern. A decision on the merits of one of the overlapping claims may preclude disposition of the same claim in a concurrent action. The threat of res judicata more strongly aligns the interests of the three putative classes in *Ruacho*, *Galvez*, and *Luviano*.

(Dkt. No. 133 at 12.)

Speculative conflicts, such as a conflict that "would require [a] confluence of circumstances" including certification of a class in a parallel action, plaintiffs in both actions to prevail, and the defendant's inability to satisfy the judgment in the parallel cases have been held to be "too speculative to warrant denying [p]laintiffs' class certification motion on adequacy grounds." *Allen v. Hyland's Inc.*, 300 F.R.D. 643, 665 (C.D. Cal. 2014). Here, the *Ruacho* PAGA action is stayed pending resolution of the instant Action and plaintiffs in both this Action and the *Ruacho* action would need to prevail. Even assuming plaintiffs in both actions prevailed, no evidence of TWC or MCI Defendants' inability to satisfy multiple judgments due to insolvency is before the Court. Finally, Plaintiff's counsel have prosecuted the action vigorously to this date and Ruacho

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05592 BRO (FFM) | Date | March 24, 2017 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL | | |

has participated in the Action. (*See* Ruacho Decl. ¶ 3.) For the foregoing reasons, the Court finds that Salvador Ruacho may be substituted as representative plaintiff in this action.

### B.   Request for Approval of Proposed Notice

Plaintiff also attached to the Motion a request for approval of a proposed class notice (the "Notice"). (*See* Motion at 1 n.1.) Under the Central District Local Rules, a moving party must meet and confer with opposing counsel to resolve issues prior to filing motions. *See* C.D. Cal. L.R. 7-3. TWC Defendants argue that Plaintiff's counsel failed to meet and confer with TWC Defendants' counsel regarding the proposed Notice. (Opp'n at 18.) Nonetheless, TWC Defendants have responded substantively to Plaintiff's proposed Notice. (*See id.* at 17–21.) Accordingly, the Court **DENIES** without prejudice Plaintiff's request for approval of class notice, so that the parties may meet and confer regarding any potential issues that could be resolved amongst the parties. Once the parties have conferred with respect to the proposed Notice, Plaintiff may refile the Request for Approval of the proposed notice. Such request shall be filed no later than April 1, 2017 by 4:00 p.m..

### C.   TWC Defendants' Motion to Stay

TWC Defendants moved to stay discovery and notice to potential class members in this Action pending appointment of a suitable class representative. (*See* MTS at 1.) In light of this Court's ruling on Plaintiff's Motion, the Court **DENIES as moot** TWC Defendants' Motion to stay discovery.

## VI.   CONCLUSION

For the reasons discussed above, Plaintiff's Motion is **GRANTED in part**. Plaintiff's counsel is ordered to file an amended complaint for the limited purpose of substituting Salvador Ruacho as representative plaintiff; such complaint shall be filed no later than **April 1, 2017, at 4:00 p.m. (PST)**. Plaintiff's Request for Approval of Proposed Notice is **DENIED without prejudice**; the parties shall (1) meet and confer regarding the addition of language addressing the joint employer issue and (2) file a joint proposed notice for approval by the Court. Such joint proposed notice shall be filed for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

LINK:

| Case No. | CV 15-05592 BRO (FFM) | Date | March 24, 2017 |
|---|---|---|---|
| Title | L. LUVIANO V. MULTI CABLE, INC. ET AL | | |

the Court's review no later than **April 1, 2017, at 4:00 p.m. (PST)**. Lastly, TWC Defendants' Motion to Stay is **DENIED as moot**.

    **IT IS SO ORDERED.**

                                                                                                                                                :

Initials of Preparer            rf